UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
**Ashland Division**

| | |
|---|---|
| Timothy Sargent )<br>    *Plaintiff* )<br>)<br>v. )  Case No.<br>)<br>Cavalry SPV I, LLC )<br>    *Defendant* )<br>)<br>Serve: )<br>)<br>    CT Corporation System )<br>    306 West Main Street )<br>    Suite 512 )<br>    Frankfort, KY 40601 )<br>)<br>) | |

**COMPLAINT and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

    1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681u ("FCRA")) and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA"), in connection with a defaulted debt. Plaintiff seeks actual and statutory damages.

    2.    Plaintiff Timothy Sargent suffered a very serious heart attack and was hospitalized for an extended period of time. While Mr. Sargent was physically incapacitated, he fell behind on payments on payments to the Yamaha Motor Corporation for two motorcycles. The Yamaha account went into default, the account was charged off and closed, and eventually sold for pennies on the dollar to Defendant Cavalry SPV I, LLC ("Cavalry") or one of Cavalry's predecessors in interest.

    3.    Cavalry brought suit against Mr. Sargent in Morgan Circuit Court to collect the Yamaha debt. Mr. Sargent suffered another heart attack. While he was in the hospital, Cavalry took both motorcycles from Mr. Sargent's property without permission or legal right. The value of the two motorcycles far exceeded the amount demanded by Cavalry in its complaint against Mr. Sargent. To date, Cavalry has not provided any information concerning the taking of his motorcycles or the sale of either, including a notice of sale or the results of any sale. Also, Cavalry's complaint included a demand for interest Cavalry had no legal right to accrue or impose.

These and other actions violate the FDCPA.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

5. Plaintiff Timothy Sargent is a natural person who resides in Morgan County, KY. Mr. Sargent is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6. Defendant, Cavalry SPV I, LLC, is a foreign limited liability company, which has registered with the Kentucky Secretary of State. Cavalry is engaged in the business of purchasing debt from creditors and collecting these debts from consumers in this state. Cavalry's principal place of business is 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.

7. Cavalry regularly collects or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. Mr. Sargent financed the purchase of two Yamaha motorcycles through Yamaha and HSBC Bank Nevada, N.A.

9. Mr. Sargent used the two motorcycles for personal and household purposes, making the Yamaha/HSBC financing a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10. At some point after financing the two motorcycles, Mr. Sargent suffered a serious heart attack and was incapacitated for an extended period of time.

11. Mr. Sargent's heart attack uncovered heart disease and injury

12. Mr. Sargent defaulted on the Yamaha/HSBC financing during his extended convalescence.

13. After the default, Cavalry allegedly purchased the Yamaha/HSBC financing debt.

14. Upon information and belief, Cavalry was not assigned any contract rights in connection with the debt.

15. On November 29, 2012, Cavalry filed suit against Mr. Sargent on the Yamaha/HSBC debt. (A copy of the complaint is attached as Exhibit "A").

16. Cavalry attached an Affidavit of Claim to its complaint dated August 1, 2012.

17. The Affidavit of Claim averred that Cavalry purchased the debt on September 27, 2011 and that $8,856.35 was the principal amount of the debt upon purchase.

18. The Affidavit of Claim further averred that $889.03 in accrued interest was due on the debt as of July 31, 2012.

19. There are 308 days between September 27, 2011 and August 1, 2012.

20. So during this period, Cavalry accrued interest on Mr. Sargent's debt at a rate of $2.89 per day ($889.03/308 days) or $1,053.56 per annum ($2.89 per day x 365 days).

21. Consequently, Cavalry accrued interest at an annual rate of almost 12% during the interest accrual period ($1,053.56/$8,856.35).

22. Upon information and belief, Cavalry had neither a contractual nor statutory right to accrue interest at this usurious rate.

23. After Cavalry filed its complaint against him, Mr. Sargent suffered another serious heart attack and was again hospitalized for an extensive period of time.

24. While he was in the hospital, Cavalry took both motorcycles from Mr. Sargent's property without his leave.

25. Upon information and belief, Cavalry had no legal right to take possession of either motorcycle, including but not limited to having no enforceable security interest in the motorcycles giving Cavalry the right to repossess either motorcycle.

26. Cavalry has never communicated with Mr. Sargent concerning the taking of the motorcycles. In particular, Cavalry never sent Mr. Sargent notice of the sale of the motorcycles or notice of the results of any sale of the motorcycles.

**Claims for Relief**

I. **Violation of the Fair Debt Collection Practices Act**

27. The foregoing acts and omissions of Cavalry constitute violations of the FDCPA, including, but not limited to:

    (a) Violation of 15 U.S.C. § 1692f(1): Cavalry attempted to collect a debt that is not permitted by contract or law by, including but not limited to, attempting to recover usurious 12% annual interest and/or fees from Mr. Sargent;

    (b) Violation of 15 U.S.C. § 1692f(6): Cavalry took illegal nonjudicial action to dispossess Mr. Sargent of the two motorcycles in his possession.

-3-

(c) Violation of 15 U.S.C. § 1692e(2)(A): Cavalry falsely represented the character, amount, and/or legal status of the debt in its state-court complaint and Affidavit of Claim by, including but not limited to, attempting to recover usurious 12% annual interest and/or fees from Mr. Sargent;

(d) Violation of 15 U.S.C. § 1692e(5): Cavalry threatened to take [an] action that cannot legally be taken" in violation of the FDCPA by, including but not limited to, attempting to recover usurious 12% annual interest and/or fees from Mr. Sargent; and

(e) Violation of 15 U.S.C. § 1692e(8): Cavalry reported a grossly inflated amount due on Ms. Sargent's charged-off credit card account to CRA's in an attempt to collect a debt from her, which constitutes communicating credit information that Cavalry knew or should have known was false.

## II. Violation of the Fair Credit Reporting Act

28. The foregoing acts and omissions of Cavalry constitute violations of the FCRA, including, but not limited to:

Cavalry knowingly and intentionally violated 15 U.S.C.A. § 1681s-2 by falsely reporting a grossly inflated amount due on the charged-off GE Money Bank/Lowes credit card debt to CRA's. Therefore, Cavalry is liable to Mr. Sargent for statutory damages of $1,000 or the actual damages he has sustained by reason of its violation of the FCRA, whichever is greater, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as her reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Timothy Sargent, requests the Court grant him relief as follows:

a. Award Plaintiff actual damages;

b. Award Plaintiff statutory damages;

c. Award Plaintiff punitive damages;

c. Award Plaintiff reasonable attorney's fees and costs;

d. A trial by jury; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

/s/ James R. McKenzie

**James R. McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road, Suite B
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzielaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
(502) 473-6525
Email: james@kyclc.com